# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS CLARK,<br><br>                                       Plaintiff,<br>   vs.<br><br>HOMECOMINGS FINANCIAL, LLC;<br>DOES 1 THROUGH 125,<br>                                       Defendant. | CASE NO. 08cv1687 - IEG - NLS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT ONE OF PLAINTIFF'S AMENDED COMPLAINT<br><br>[Doc. No. 10] |

Defendant moves to dismiss count one of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition and defendant replied. The Court finds this motion amenable to disposition without oral argument. Local Civil Rule 7.1(d).

## BACKGROUND

The Court draws the following factual background from the allegations contained in plaintiff's complaint. Plaintiff owns residential property commonly known as 5748 Desert View Drive, La Jolla, California 92037 ("Property"). Defendant is a limited liability company that holds a promissory note secured by a deed of trust against the Property.

On October 3, 2007, a landslide occurred on the street and hillside above the Property, causing extensive damage to plaintiff's house. The City of San Diego immediately "yellow-tagged" the property as uninhabitable and plaintiff has not been able to reoccupy the house. Plaintiff has obtained alternative residence while the area is stabilized.

1    Plaintiff contacted defendant to request a forbearance or accommodation. Defendant agreed
2 to a "credit suppression" agreement, evidenced by a confirmation letter defendant sent on May 27,
3 2008. Plaintiff understood this credit suppression to be, in effect, a forbearance. Specifically,
4 defendant promised: (1) no collection efforts would be undertaken against plaintiff during the credit
5 suppression; (2) plaintiff's credit would not be adversely affected; and (3) at the end of the
6 suppression term, plaintiff could seek an extension.

7    As a result of this agreement, plaintiff ceased mortgage payments to defendant. In response,
8 defendant instituted and has continued collection efforts against plaintiff. These include threatened
9 lock changes and threatened foreclosure proceedings.

10    In his first amended complaint ("FAC"), plaintiff makes five claims: (1) breach of the implied
11 covenant of good faith and fair dealing; (2) breach of contract; (3) promissory estoppel; (4) violation
12 of California Code § 1788, et seq.; and (5) violation of 15 U.S.C. § 1692, et seq. Defendant filed the
13 instant motion to dismiss the first claim, the breach of the implied covenant. Plaintiff opposed and
14 defendant filed a reply.

15                                **LEGAL STANDARD**

16    A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the
17 complaint. Fed. R. Civ. P. 12(b)(6). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain
18 detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is
19 plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The court's review is limited
20 to the contents of the complaint and must accept all factual allegations pled in the complaint as true,
21 drawing all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty
22 Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). In spite of this deference, it is not proper for the
23 court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated
24 General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526
25 (1983). Furthermore, a court is not required to credit conclusory legal allegations cast in the form of
26 factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden
27 State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).
28 //

## DISCUSSION

In Count One, plaintiff alleges defendant breached an implied covenant of good faith and fair dealing contained in the credit suppression agreement. Defendant allegedly breached this implied covenant by engaging in collection efforts.

i.   Parties' argument

Defendant argues the claim must be dismissed because plaintiff cannot show a violation of an independent duty, a prerequisite to maintain a claim for tortious breach of the implied covenant. Freeman & Mills v. Belcher Oil Co., 11 Cal. 4th 85 (1995). Defendant contends this independent duty arises from "special relationships" between the parties and argues no independent duty exists between a lender and borrower in a typical mortgage transaction. See, e.g., Marks v. Ocwen Loan Servicing, 2008 WL 344210 at *6 (N.D. Cal. Fed 6, 2008); Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). Further, defendant cites analogous cases in which courts found no special relationship exists. See, e.g., Mitsui Manufacturers, 212 Cal. App. 3d 726, 728 (1989)(finding no special relationship in an arms-length commercial lending transaction).

Plaintiff contends he has alleged a violation of an independent duty, the violation of the unfair debt collection acts that give rise to a presumption of negligence per se. Further, plaintiff argues he states a valid cause of action even if the only damages available are in contract.

Defendant notes the negligence per se doctrine does not create an independent duty, argues no special relationship exists between plaintiff and defendant, and contends plaintiff's action fails even if he only seeks contract damages, citing Aragon-Haas v. Family Security Insurance Services, Inc., 231 Cal. App. 3d 232, 240 (1991) (finding a claim of breach of the implied covenant "adds nothing" to the complaint when it relies on the same underlying facts as a breach of contract claim.).

ii.   Analysis

Every contract contains an implied covenant of good faith and fair dealing, which "imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible . . .." Harm v. Frasher, 181 Cal. App. 2d 405, 417 (1960). Breach of the covenant "gives rise to a contract action or, in limited contexts, a tort action." 1 Witkin, Summary of California Law, Contracts, § 800 (10th ed. 2005). "With the exception of insurance contracts,

1  remedies for breach of the implied covenant 'have almost always been limited to contract damages.'"
2  Freeman & Mills, Inc. v. Belcher Oil Co, 11 Cal. 4th 85, 94 (1995) (citing Hunter v. Up-Right, Inc.,
3  6 Cal. 4th 1174, 1180-82 (1993)). A breach of contract "becomes tortious only when it also violates
4  an independent duty arising from the principles of tort law." Applied Equipment Corp. v. Litton Saudi
5  Arabia Ltd., 7 Cal. 4th 503, 515 (1994). These independent duties arise when there exists a "special
6  relationship" between the parties, for example a fiduciary relationship. Mitsui Manufacturers Bank
7  v. Superior Court, 212 Cal. App. 3d 678, 694 (1991)  The Court evaluates plaintiff's ability to
8  maintain the claim in tort before determining whether he can maintain the claim in contract.

9   Plaintiff cannot maintain an action for tortious breach of the implied covenant because no
10  independent contract duty exists. California courts routinely reject these tort claims in the commercial banking
11  context, finding no special relationship exists between borrowers and lenders. Id. at 694 ("[W]e reject
12  real parties' argument that the tort doctrine, which has been extended only to situations where there
13  are unique fiduciary-like relationships between the parties, should encompass commercial banking
14  transactions."); Copesky v. Superior Court, 229 Cal. App. 3d 678, 679 (1991)("[T]he bank-depositor
15  relationship is *not* a 'special relationship' . . . such as to give rise to tort damages when an implied
16  contractual covenant of good faith is broken.")(emphasis added). In the present case, plaintiff has
17  alleged a routine borrower-lender relationship that does not extend beyond the normal commercial
18  banking context. Accordingly, the Court finds plaintiff cannot maintain an action for tortious breach
19  of the implied covenant of good faith.

20   Plaintiff's assertion that the unfair debt collection acts establish an independent duty is without
21  merit. The Rosenthal Fair Debt Collection Practices Act and the Fair Debt Collection Practices Act
22  prohibit certain specific debt collection practices, but do not establish a special relationship as
23  contemplated by the California courts. See California Civil Code § 1788, et seq.; 15 U.S.C. § 1692,
24  et seq. Therefore, the Court rejects plaintiff's argument.

25   However, plaintiff may recover contract damages for a breach of the covenant of good faith
26  and fair dealing. As previously noted, inherent in every contract is a implied covenant of good faith
27  and fair dealing. A party violates this covenant if it "[does] anything which would render performance
28  of the contract impossible . . .." Harm, 181 Cal. App. 2d at 417. Plaintiff has sufficiently alleged

1  defendant commenced debt collection practices that interfered with performance of the credit
2  suppression agreement.

3        This conclusion is consistent with Aragon-Haas.  In that case the California Court of Appeal
4  evaluated dismissal of a claim for the breach of the implied covenant of good faith and fair dealing.
5  Aragon-Haas, 231 Cal. App. 3d at 240.  Despite, the language quoted by defendant, the court *reversed*
6  the dismissal, finding plaintiff could pursue contract damages, even though the claim "add[ed]
7  nothing" to the complaint. Id.  In the present case, plaintiff can pursue contract damages.

8  **CONCLUSION**

9        For the foregoing reasons, the Court DENIES defendant's motion to dismiss.  Plaintiff may
10 proceed on his breach of implied covenant of good faith and fair dealing claim, but may only pursue
11 contract damages.

12

13 **IT IS SO ORDERED.**

14 DATED: February 11, 2009

15                                _Irma E. Gonzalez_
                               IRMA E. GONZALEZ, Chief Judge
16                                United States District Court

17
18
19
20
21
22
23
24
25
26
27
28